### J. M. ALEXANDER v. G. W. BRILLHART.

#### Decided June 20, 1908.

**1.—Sale of Land—Contract—Specific Performance.**

In a suit to enforce the specific performance of a written contract for the sale of certain town lots, evidence considered, and held to support a finding by the jury, under a proper charge from the court, that the minds of the contracting parties met and agreed on the subject matter of the contract, namely, the particular lots in controversy.

**2.—Charge—Assumption of Fact.**

It is permissible for a trial court to assume in its charge a fact as established about which there is no conflict in the evidence.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*Theodore Mack* and *Hardwicke & Hardwicke,* for appellant.

*Wagstaff & Davidson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee Brillhart sued appellant, and, for cause of action, alleged: "That on or about the —— day of March, 1906, plaintiff and defendant entered into a contract by the terms of which contract the plaintiff agreed to sell, convey and deliver to defendant a certain piano then owned by the plaintiff, and in consideration therefor the defendant contracted and agreed to convey to the plaintiff lots 13 and 14, in block D, Baldwin subdivision of lot No. 2, block 204, city of Abilene, in Taylor County, Texas, said lots facing east on Hick-

ory street, in the northern part of the city of Abilene, in Taylor County, Texas. The plaintiff further shows to the court that on said date he delivered said piano to the defendant, and that the defendant received said piano and accepted the same, but refused to convey said lots to plaintiff, as he had contracted to do, and still refuses to convey said lots and to carry out said contract, although he has received the consideration for said lots, and the defendant is in position and able to carry out said contract and to convey said lots to the plaintiff." The prayer of the petition was for a decree of specific performance and for general and equitable relief. The defendant interposed general and special demurrers, general denial, and answered specially that he had agreed to convey to plaintiff's wife, in exchange for said piano, any two lots that she might select from the Steffens & Lowdon Addition, while the lots sued for were not in that addition, but were in the Baldwin Addition. There was a judgment for the plaintiff, and the defendant appeals.

Most of appellant's assignments serve as a basis for the general proposition that the minds of the parties did not meet upon the subject matter of this transaction, and that therefore the trial court should have instructed a verdict for appellant, or at least have granted a new trial. It is true the appellant's version of the affair would have authorized a judgment in his favor upon the ground that he specially restricted Mrs. Brillhart, who appears to have acted for appellee in the matter, to a selection of lots belonging to him in the Steffens & Lowdon Addition. On the other hand, Mrs. Brillhart's testimony was to the effect that the lots in controversy were pointed out to her by a Mr. Wood, whom appellant had specially deputed to show her the lots, and were selected by her, and this selection made known to appellant, and he fully acquiesced in the same. This conflict in the evidence was pointedly submitted to the jury in appellant's favor in the following language: "Unless you find from the evidence that, at the time such contract or agreement was made between the defendant and the plaintiff's wife, the defendant intended and understood that the two lots in controversy, Nos. 13 and 14 in Baldwin's Addition, were included in the contract of sale then being made, you will find for the defendant as to said lots, but find for the plaintiff that he recover of the defendant the piano tendered by the pleadings." The verdict therefore implies a finding that the minds of the parties did meet upon the specific subject matter of the contract, and we are unable to disturb this finding.

It is objected that the portion of the charge above quoted assumes that a contract had been made between the parties; but if it does, such fact is nevertheless undisputed, since both parties testified to a contract, and the only difference was as to which lots were included in it.

The issues submitted in appellant's special charges were included in the main charge, and his general and special exceptions were all properly overruled.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.